# EXHIBIT A

| | |
|---|---|
| David Kennoy<br>1036 Woodberry Drive<br>Mountain Top, PA 18707,<br><br>                Plaintiff<br>v.<br><br>Synchrony Bank<br>1701 West Election Road, Suite 125<br>Draper, UT 84020<br><br>and<br><br>EGS Financial Care, Inc.<br>400 Horsham Road, Suite 130<br>Horsham, PA, 19044,<br><br>                Defendants | IN THE LUZERNE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.   201609303<br><br>Jury Trial Demanded |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra.

Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

North Penn Legal Services, Inc.
33 N. Main Street,
Suite 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Toll free
(570) 824-0001 Fax

101 West Broad Street,
Suite 513
Hazelton, PA 18201
(570) 455-9512
(877) 953-4250 Toll Free
(570) 455-3625 Fax

Servicios Legales de North Penn, Inc.
33 la Calle Main del Norte, Oficina 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax

101 la Calle Broad del Oeste,
Oficina 513
Hazelton, PA 18201
(570) 455-9512
(877) 953-4250 Llamada gratuita
(570) 455-3625 Fax

| | |
|---|---|
| David Kennoy,<br>    Plaintiff<br><br>v.<br><br>Synchrony Bank and EGS Financial Care, Inc.,<br>    Defendants | IN THE LUZERNE COUNTY COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## **COMPLAINT**

### I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Defendants placed an excessive number of calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II.   JURISDICTION AND VENUE

2. This Court has Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. § 1692k(d), which permits an action under the FDCPA to be brought in any court of competent jurisdiction.

4. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendants transact business here.

### III. PARTIES

5. Plaintiff is a natural person residing at 1036 Woodberry Drive, Mountain Top, PA 18707.

6. Defendant, Synchrony Bank ("Synchrony"), is a bank with a place of business located at 1701 West Election Road, Suite 125, Draper, UT 84020. At all relevant times, Synchrony placed calls to individuals in this state.

7. Defendant, EGS Financial Care, Inc. ("EGS"), is a corporation with a place of business located at 400 Horsham Road, Suite 130, Horsham, PA, 19044.

### IV. STATEMENT OF CLAIM

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is, and at all relevant times was, a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10. Synchrony is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

11. EGS is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

12. EGS is, and at all relevant times was, a 'debt collector' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13. Plaintiff has a cellular telephone number that he has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

14. At all relevant times this phone number has been assigned to a cellular telephone service.

### *Count 1- Violation of the TCPA (applies to both Defendants)*

15. The foregoing paragraphs are incorporated herein by reference.

16. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

17. Synchrony placed, and caused to be placed, hundreds of calls to Plaintiff's cell phone number.

18. EGS placed hundreds of calls to Plaintiff's cell phone number.

19. These calls occurred, *inter alia*, while Plaintiff was driving, during family holidays and family functions, and while Plaintiff was working.

20. These phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

21. The phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone device and Plaintiff's cellular telephone line.

22. The phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

23. The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

24. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

25. These telephone calls were not made with the Plaintiff's prior express consent.

26. These telephone calls were placed while Plaintiff was in the United States.

27. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Synchrony and EGS caused to be made to Plaintiff's cellular telephone number.

28. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly.

29. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against each Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

### *Count 2 – Violation of the FDCPA (applies only to EGS)*

30. The foregoing paragraphs are incorporated herein by reference.

31. When EGS called Plaintiff's cell phone, it was attempting to collect an alleged debt.

32. This debt was incurred for personal, family, or household purposes and is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

33. The frequency and volume of calls that EGS placed to Plaintiff was annoying, abusive, and harassing.

34. For example, EGS often placed at least five calls to Plaintiff in a single day.

35. In fact, of the days on which Defendant placed calls to Plaintiff, more than five calls were placed on at least 50 of those days.

36. Furthermore, EGS also placed many phone calls to Plaintiff on holidays and weekends.

37. For example, EGS called Plaintiff four times on Mother's Day, three times on Father's Day, and four times on the Fourth of July.

38. Receiving this number of phone calls during family holidays was embarrassing to Plaintiff.

39. EGS violated the FDCPA, 15 U.S.C. § 1692d(5), by causing Plaintiff's phone to ring repeatedly with the intent to annoy, abuse, or harass the Plaintiff.

WHEREFORE, Plaintiff demands judgment against EGS for damages, costs, attorney's fees, and such other and further relief as the court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

_____
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

## Verification of Complaint and Certification
## by Plaintiff David Kennoy

Plaintiff, David Kennoy, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September ___6___, 2016.  _____
David Kennoy, Plaintiff