```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KENNOY,                        :
                                     :CIVIL ACTION NO. 3:16-CV-2034
          Plaintiff,                 :
                                     :(JUDGE CONABOY)
     v.                              :
                                     :
SYNCHRONY BANK and EGS               :
FINANCIAL CARE, INC.,                :
                                     :
          Defendants,                :
                                     :
```

## **MEMORANDUM**

Pending before the Court is Defendant Synchrony Bank's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals.[1]  (Doc. 8.)  Defendant Synchrony Bank ("Defendant") asserts that a stay is appropriate because the case of *ACA International v. Federal Communications Commission*, Case No. 15-1211, pending in the D.C. Circuit Court could be dispositive of Plaintiff's Telephone Consumer Protection Act ("TCPA") claims. Defendant explains that the case involves the statutory definition of an "automatic telephone dialing system" under 47 U.S.C. § 227(a)(1) and Plaintiff seeks to recover $500 to $1,500 per call under the TCPA, alleging that Defendant used an automatic telephone dialing system ("ATDS") as defined by the TCPA without Plaintiff's consent.  (Doc 20-1 at 1 (citing Compl. ¶ 23; Doc. 1).)  For the reasons discussed below, the Court concludes that, although the

---

[1] Defendant EGS Financial Care, Inc., concurs in the motion. (Doc. 20-2 at 1.)

D.C. Circuit decision may not be dispositive of all of Plaintiff's TCPA claims, the case is properly stayed.

## I. Background

Defendants removed this case from the Luzerne County Court of Common Pleas on October 7, 2016, pursuant to 28 U.S.C. §§ 1331 and 1441. (Doc. 1.) In the underlying action's introductory paragraph, Plaintiff states the following:

> This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Defendants placed an excessive number of calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

(Compl. ¶ 1 (Doc. 1-1 at 4).)

Relevant to the pending motion, Plaintiff alleges that Synchrony "placed, and caused to be placed" hundreds of calls to his cell phone number, and EGS placed hundreds of calls to his cell phone number. (Compl. ¶¶ 17, 18 (Doc. 1-1 at 6).) He further alleges that the calls made to his cell phone "were made using either an automatic dialing system, as that term in defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice." (Compl. ¶ 23; Doc. 1-1 at 6.)

## II. Discussion

Defendant maintains that this case is properly stayed because a case pending in the D.C. Circuit Court is reviewing the FCC

2

interpretation of the term "automatic telephone dialing system" in the TCPA and may overturn the FCC's July 10, 2015, ruling on the matter. (Doc. 20-1 at 2.) Plaintiff responds that the applicable "arbitrary and capricious standard" in the appeal makes it "extremely unlikely that this appeal will result in a change in the law." (Doc. 23 at 1-2.)

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether a stay is appropriate, the district court should consider the following: "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy." *Rajput v. Synchrony Bank*, Civ. A. No. 3:15-CV-1079, 2016 WL 6433134, at *2 (M.D. Pa. Oct. 31, 2016) (internal quotation omitted) (listing cases).[2]

## A. Length of the Requested Stay

Defendant contends that the stay will be relatively short in duration and will not prejudice Plaintiff. (Doc. 20-1 at 10.) Noting that oral argument was heard in the *ACA International* case

---

[2] Citing *Rajput*, the Court employed these factors in *Wolkenstein v. Synchrony Bank*, Civ. A. No. 3:16-CV-2036 (M.D. Pa. filed March 23, 2017), and concluded a stay was appropriate pending the D.C. Circuit Court's *ACA International* decision.

3

on October 19, 2016, Defendant points to cases where the courts concluded that the D.C. Circuit case should not remain pending for an extended time. (*Id.* (citations omitted).)

Plaintiff asserts that "staying this matter pending the D.C. Circuit's decision as requested by Synchrony is tantamount to staying this matter indefinitely." (Doc. 23 at 5.) In support of the assertion, Plaintiff points to another court's conclusion that the stay would be indefinite and assessment that "the D.C. Court of Appeals is unlikely to be the last step as the unsuccessful party is almost certain to appeal to the Supreme Court." ((Doc. 23 at 5 (internal quotation omitted) (citing *Lathrop v. Uber Techs., Inc.*, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016)).)

The Court is sensitive to Plaintiff's concern that the D.C. Circuit Court's resolution of the case will not be the end of litigation on the matter at issue. (Doc. 23 at 5-7.) Plaintiff does not argue that the D.C. Circuit's decision is not forthcoming. Therefore, Plaintiff's concern regarding the length of the stay requested here is about future requests for stays related to legal action subsequent to the D.C. Circuit Court decision. This concern can be addressed with a direct limitation on any stay granted and a proviso that the stay will be lifted once the D.C. Circuit Court renders a decision in *ACA International*. With such limitations, the Court concludes that the likely length of the stay weighs in favor of granting the stay.

4

### B.     *Movant's Hardship or Inequity*

Defendant asserts that it "will suffer harm in the form of unnecessary litigation fees and expenses, and an uncertain scope of discovery" if the stay is not granted. (Doc. 20-1 at 11.) Relying on several cases including *Rajput* in support of the proposition that "courts have found litigation expense sufficient to demonstrate actual prejudice to justify a stay," Defendant urges that this matter be stayed before additional time and resources are expended unnecessarily. (Doc. 20-1 at 11-12 (citing *inter alia Rajput*, 2016 WL 6433134, at \*11).)

Plaintiff does not address this factor specifically but notes that the D.C. Circuit Court's ruling "will *likely* have no impact on this case" for a number of reasons. (Doc. 23 at 8 & n.3 (emphasis added).) Other than speculative considerations set out in the margin, Plaintiff states that discovery will be needed into whether the equipment at issue here constitutes an ATDS whether the new or old definition is in play. (Doc. 23 at 8.)

Plaintiff's argument does not address the potential impact of the D.C. Circuit Court's decision on the contours of discovery and the resolution of issues going forward in this case. Because it appears likely that the D.C. Circuit Court case will be decided in the near future and because the discovery period has not ended in this case, the Court cannot discount Defendant's argument. Therefore, this factor weighs in favor of a stay.

5

## C. *Injury to Plaintiff*

Defendant states that Plaintiff would not suffer "any continuing harm that would be exacerbated by what is reasonably expected to be a short stay, especially since Plaintiff has stopped receiving calls and the case is in the early stages of the discovery process." (Doc. 20-1 (citing *Gusman v. Comcast Corp.*, No. 13CV1049-GPC(DHB), 2014 WL 2115472, at *4 (S.D. Cal. May 21, 2014)).)

Plaintiff avers that "[a]n indefinite stay in this matter only serves to prejudice [him], creating an increased likelihood that records or witnesses will become unavailable while the Court awaits a separate court's ruling." (Doc. 23 at 7.) He also states that "if a stay is granted, a significant amount of time will pass, and memories and equipment may no longer be available once a stay is lifted." (*Id.* at 9.) Plaintiff then makes a case for the likelihood of ongoing litigation and/or rulemaking. (*Id.*)

The Court concludes that, while Plaintiff's concerns about the effects of a lengthy stay and further proceedings are valid, the Court's intention to limit the duration of the stay in this matter will address those concerns. Once the D.C. Circuit rules on *ACA International*, no matter what comes next the parties here will be in a better position to articulate the appropriate scope of discovery. This Court will not allow protracted litigation to further delay the matters raised here.

6

### D.   *Simplifying Issues and Promoting Judicial Economy*

Defendant maintains that granting a stay will simplify issues and promote judicial economy: depending on how the D.C. Circuit Court rules, Plaintiff's TCPA claims could be extinguished or significantly curtailed; and, at the very least, the ruling will dictate the scope of the issues and discovery needed. (Doc. 20-1 at 12.)

Plaintiff again points to an anticipated lengthy stay in consideration of the promotion of judicial efficiency. (Doc. 23 at 10.)  He also notes that *ACA International* cannot dispose of Plaintiff's claims entirely because he alleged in his Complaint that he was called using an artificial or prerecorded voice in violation of the TCPA irrespective of whether an ATDS was used. (Doc. 23 at 10-11 (citing 47 U.S.C. § 227(b)(1)(A); Doc. 1-1 ¶ 23).)  He also asserts that each of the voicemails from Synchrony ended with the following phrase: "This is a recording.  Thank you." (Doc. 23 at 11.)

The Court does not discount liability based on the use of an artificial or prerecorded voice.  However, judicial economy is best accomplished by the avoidance of piecemeal litigation, including piecemeal discovery.  Therefore, even if all claims are not affected by the *ACA International* litigation, the focus of discovery and parameters of the case going forward will be better defined after the D.C. Circuit Court issues its decision.

7

Furthermore, Plaintiff's Complaint states that "[t]he calls were made to Plaintiff's cell phone using either an automatic dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), *or* an artificial prerecorded voice." (Compl. ¶ 23 (Doc. 1-1 at 6) (emphasis added).) Plaintiff does not aver in the Complaint that all calls were made using both an ATDS *and* an artificial or prerecorded voice each time he received a call from Synchrony and EGS Financial Services. The assertion in his opposition brief that all Synchrony voicemails were recordings (Doc. 23 at 11) is not an assertion that all calls received from both Defendants which allegedly violate the TCPA were made with an artificial or prerecorded voice.[3] Therefore, based on his pleading and brief, it is not a certainty that the decision of the D.C. Circuit Court will not affect some of his claims. For this reason, the Court concludes the interests of judicial economy weigh in favor of granting a limited stay in this case.

### III. Conclusion

For the reasons set out above, the Court concludes that the four relevant factors weigh in favor of granting a stay of limited

---

[3] In his Notice of Supplemental Authority Regarding Synchrony Bank's Motion to Stay (Doc. 20), Plaintiff points to *Mendez v. Optio Sols., LLC*, No. 3:16-cv-01882, 2017 WL 914587 (S.D. Cal. Mar. 8 2017), in support of his position that a stay is not warranted in this case. (Doc. 24 at 1.) Importantly, the facts in *Mendez* appear to differ in that it was alleged that the defendant placed calls using an ATDS *and* an artificial or prerecorded voice system. (*Mendez*, 2017 WL 914587, at *1, 3.)

8

duration. An appropriate Order is filed simultaneously with this Memorandum.

                                                <u>S/Richard P. Conaboy</u>
                                                RICHARD P. CONABOY
                                                United States District Judge

DATED: May 19, 2017